LOFTIN COTTON, PLAINTIFF IN ERROR, v. THE UNITED STATES.

In the preceding case of Forsyth v. The United States, this court decided that the act of Congress passed on the 22d of February, 1847 (Sess. Laws, 1847, chap. 17), gave jurisdiction to this court to review certain classes of cases brought up from the Territorial courts of Florida.
A motion to dismiss one of these cases, for want of jurisdiction, must be denied.

IN error to the District Court of the United States for the Northern District of Florida.

Mr. Justice NELSON delivered the opinion of the court.

This is a motion on the part of the Attorney-General, to dismiss the writ of error for the want of jurisdiction.

The suit was brought by the United States against the defendant in the Superior Court of the District of West Florida, in the late Territory of Florida, for a trespass on government lands.

The declaration was filed in December term, 1844; and the plea of not guilty, in the vacation thereafter, on the 26th of March, 1845.

The cause remained pending in said court, or without any further proceedings therein, until the 15th of January, 1848, when the records and papers in the same were transferred to, and filed in, the United States District Court for the Northern District of Florida, in pursuance of the act of the 22d of February, 1847 (Sess. Laws, ch. 17, § 8), and at the January term of the court, 1848, held at Tallahassee, it was ordered that the cause be docketed and stand for trial at the next March term of the said court, to be holden at Pensacola, notice of which order was given to the defendant. At the March term, the defendant appeared, and on leave filed a demurrer to the declara-

tion, which, after argument, was overruled, and the cause set down for trial on the plea of not guilty.

The jury found a verdict for the plaintiffs, and assessed the damages at $362.50, for which sum judgment was rendered, besides costs.

Several exceptions were taken by the counsel for the defendant to the ruling of the court at the trial, which are found in the record, and on which he relies for a reversal of the judgment on this writ of error.

We have already held, in the case of Forsyth *v.* The United States, just decided, that a writ of error lies to the judgments in the peculiar class of cases described and provided for in the eighth section of the act of Congress passed 22d February, 1847, already referred to, without reference to the amount in controversy, and, as this case falls within that class, it follows that the court has jurisdiction to revise the judgment, and that the motion to dismiss must be denied.

The case not having been submitted by the counsel for a decision on the merits, as in the criminal cases just disposed of, it will remain on the docket for a hearing in its order.